IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| AMY YODER, | ) | Case No. 3:17-cv-18 |
|---|---|---|
| Plaintiff, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) ) | |
| FRONTIER NURSING UNIVERSITY, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Before the Court are (1) a Motion to Dismiss filed by Defendant Frontier Nursing University, Inc. ("Frontier") (ECF No. 9) and (2) a Motion to Amend/Correct Complaint filed by Plaintiff Amy Yoder (ECF No. 21).

For the reasons below, the Court will **DENY** Frontier's Motion to Dismiss (ECF No. 9) as moot, and will **GRANT** Plaintiff's Motion to Amend/Correct Complaint (ECF No. 21).

### II. Jurisdiction

The Court has subject matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. §1332. Venue is proper as a substantial part of the events giving rise to this action occurred in the Western District of Pennsylvania. 28 U.S.C. § 1391.

### III. Background

Frontier expelled Plaintiff from its online midwifery program after she was accused of violating the school's honor code. (ECF No. 1 at ¶ 12.) Plaintiff claims that Frontier breached its contract with Plaintiff by dismissing her. (*Id.* at ¶¶ 29-34.)

Plaintiff filed her one-count Complaint before this Court on February 2, 2017. (*See id.*) Frontier filed its Motion to Dismiss (ECF No. 9) and a Brief in Support (ECF No. 10) on June 5, 2017. Frontier argues that the Court should dismiss Plaintiff's Complaint because (1) Pennsylvania's four-year statute of limitations applies and (2) Plaintiff's breach of contract claim is barred because it accrued in 2012 when she was dismissed from Frontier and Plaintiff failed to file her Complaint before the statute of limitations expired in 2016. (*Id.* at 3-6.)

On July 24, 2017, Plaintiff filed a document titled "Plaintiff's Response to Defendant's Motion to Dismiss with Cross-Motion/New Matter to Amend Her Complaint." (ECF No. 12.) Plaintiff asserts that (1) her claim is timely because Kentucky's fifteen-year statute of limitations applies, and (2) even if Pennsylvania's statute of limitations applies, Plaintiff's claim is not barred because her claim did not accrue until December 2014, when she received an email from the President of Frontier confirming that she would not be readmitted. (*Id.* at 2.) Plaintiff attached the December 2014 email to her motion.[1] (*See* ECF No. 12-1.) Plaintiff stated that "[t]o the extent that these facts [concerning the December 2014 email] are not clearly set forth in her Complaint, Plaintiff respectfully requests leave to Amend her Complaint to include them." (ECF No. 12 at 2.) However, Plaintiff did not file a formal motion to amend her complaint.

On August 23, 2017, the Court entered an Initial Scheduling Order. (ECF No. 18.) The Initial Scheduling Order stated that "[t]he parties shall move to amend the pleadings . . . by August 16, 2017." (ECF No. 18 at 1.)

---

[1] Plaintiff did not mention the email communication in, or attach the email to, her original Complaint. (*See* ECF No. 1.)

On August 25, 2017, Plaintiff filed a document titled "Plaintiff's Memorandum of Law in Support of Her Response to Defendant's Motion to Dismiss with Cross-Motion/New Matter to Amend Her Complaint."[2] (ECF No. 21.) Plaintiff docketed this motion simply as a "Motion to Amend/Correct Complaint." (*See id.*) In this motion, Plaintiff states that "there are questions of law regarding the applicable limitations period[,]" (*id.* at 2), and requests to amend her complaint to the extent that it lacks sufficient facts to determine when Plaintiff's claim accrued. (*Id.* at 2-3.)

Also on August 25, 2017, Plaintiff filed a First Amended Complaint. (ECF No. 20.) The Amended Complaint contains two paragraphs not pleaded in the original Complaint that directly relate to the question of when Plaintiff's claim accrued.[3]

Frontier has not responded to "Plaintiff's Memorandum of Law in Support of Her Response to Defendant's Motion to Dismiss with Cross-Motion/New Matter to Amend Her Complaint" (docketed as a "Motion to Amend/Correct Complaint" at ECF No. 21). Similarly, Frontier has not responded to Plaintiff's First Amended Complaint (ECF No. 20).

IV. Discussion

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15. *See* Fed. R. Civ. P. 15. But, as this Court recently stated, "when a party seeks leave to amend the pleadings after the deadline set by a court's scheduling order, that party must first satisfy Rule 16(b)(4)'s requirements for modifying a scheduling order." *Hadeed v. Advanced Vascular Res. of Johnstown,*

---

[2] The Court notes that this document was erroneously docketed twice—once as ECF No. 19, and once as ECF No. 21.

[3] Specifically, Plaintiff alleges that Frontier "continued to breach its agreement by refusing to re-admit Plaintiff into its midwifery program" (*id.* at ¶ 28) and that Frontier's "refusals continued in December 2014." (*Id.* at ¶ 29.) The Amended Complaint also contains an attachment titled "Exhibit A," which appears to be an excerpt from a syllabus explaining the course's policy regarding weekly quizzes.

-3-

*LLC*, No. 3:15-CV-22, 2017 WL 4286343, at *2 (W.D. Pa. Sept. 26, 2017) (citing *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 118 (W.D. Pa. 2010) (citing cases)).

### 1. Rule 16 Analysis

Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As this Court recently noted, "[i]n the Rule 16(b)(4) context, 'good cause' looks to the diligence of the party seeking modification of the scheduling order." *Hadeed*, 2017 WL 4286343, at *2 (quoting *Graham*, 271 F.R.D. at 119) (citation omitted). "The moving party has the burden to demonstrate 'good cause' under Rule 16(b)(4) before a court will consider amending under Rule 15." *Hadeed*, 2017 WL 4286343, at *2 (internal citation omitted).

The Court finds that Plaintiff has demonstrated good cause. Plaintiff first asked for leave to file an amended complaint prior to the August 16, 2017 deadline to file a responsive pleading; Plaintiff requested leave to amend her complaint in her "Response to Defendant's Motion to Dismiss with Cross-Motion/New Matter to Amend Her Complaint" (ECF No. 12), filed on July 24, 2017. In this motion Plaintiff also stated that she desired to amend her Complaint specifically to state facts alleging that the final decision to dismiss her was not made until December 2014. (*Id.* at 3.) In fact, Plaintiff attached the December 2014 email with Frontier's President as an exhibit to her motion. (ECF No. 12-1.) Thus, Frontier had notice that Plaintiff intended to file an amended complaint prior to the August 16, 2017 deadline to amend pleadings. Furthermore, while Plaintiff filed her formal Motion to Amend/Correct Complaint late, she filed the motion a mere nine days after the deadline set by the Initial Scheduling Order. Moreover, Frontier has not responded to Plaintiff's Motion to Amend/Correct Complaint. Accordingly, the Court finds that Plaintiff has satisfied the initial requirement of demonstrating "good cause" under Rule 16(b)(4).

-4-

### 2. Rule 15 Analysis

According to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15. The Rule further instructs that "[t]he court should freely give leave when justice so requires." *Id.* Accordingly, "the District Court's discretion, circumscribed by the Rule 15's directive in favor of amendment, must be exercised within the context of liberal pleading rules." *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017) (internal citations and quotation marks omitted). But, as this Court recently stated, "denial of a motion to amend may be appropriate if the party's delay in moving to amend 'is undue, motivated by bad faith, or prejudicial to the opposing party.'" *Hadeed*, 2017 WL 4286343, at *2 (quoting *Langbord v. U.S. Dep't of Treasury*, 832 F.3d 170, 188 (3d Cir. 2016)).

Plaintiff should be allowed to file her First Amended Complaint. The delay is not undue because Plaintiff filed her Motion to Amend/Correct Complaint only nine days after the deadline to file amended pleadings. There is no evidence of bad faith or dilatory tactics. Moreover, Frontier will not be prejudiced; Frontier was on notice that Plaintiff intended to amend her Complaint to include allegations that Frontier's allegedly unlawful conduct continued into December 2014 prior to the deadline to file amended pleadings. (*See* ECF No. 12 at 2-3.)

### V. Conclusion

For the reasons stated above, the Court will **GRANT** Plaintiff's Motion to Amend/Correct Complaint. (ECF No. 21.) Frontier's Motion to Dismiss (ECF No. 9) will be **DENIED** as moot.

The Court notes that Plaintiff has already filed a First Amended Complaint. (ECF No. 20.) Accordingly, Plaintiff will not be required to file a Second Amended Complaint. The First Amended Complaint will be the operative complaint going forward. Frontier shall have 21 days

to respond to the First Amended Complaint. Additionally, the parties shall file an Amended Proposed Initial Scheduling Order within 21 days.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| AMY YODER, | ) | Case No. 3:17-cv-18 |
| --- | --- | --- |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| FRONTIER NURSING UNIVERSITY, INC., | ) | |
| Defendant. | ) | |

## ORDER

**NOW**, this 4th day of January, 2018, upon consideration of Frontier's Motion to Dismiss (ECF No. 9) and Plaintiff's Motion to Amend/Correct Complaint (ECF No. 21), and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY** ordered as follows:

1. Frontier's Motion to Dismiss (ECF No. 9) is **DENIED as moot.**

2. Plaintiff's Motion to Amend/Correct Complaint (ECF No. 21) is **GRANTED**. Plaintiff has already filed a First Amended Complaint (ECF No. 20). The First Amended Complaint is the operative complaint going forward.

3. Frontier shall have 21 days (until January 25, 2018) to respond to Plaintiff's First Amended Complaint.

4. The parties shall have 21 days (until January 25, 2018) to file an Amended Proposed Initial Scheduling Order. The parties must indicate in the Order that they agree to all the dates contained therein. Additionally, the parties must state in the Order whether they wish to hold the Post-Discovery Status Conference scheduled for February 7, 2018, or whether they wish to reschedule the conference for a later date.

5. If the parties wish to reschedule the Post-Discovery Status Conference, they must file a motion to that effect.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE