IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| AMY YODER, | ) | Case No. 3:17-cv-18 |
| --- | --- | --- |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| FRONTIER NURSING UNIVERSITY, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

I.  Introduction

Pending before the Court is the Motion to Compel Production of Documents and for Sanctions Pursuant to F.R.C.P. 37 (ECF No. 37) filed by Defendant Frontier Nursing University, Inc. ("Frontier."). This Motion is now ripe for disposition.[1]

For the reasons that follow, this Court **GRANTS** Frontier's Motion to Compel. (ECF No. 37.) Specifically, the Court **ORDERS** Plaintiff Amy Yoder ("Yoder") to (1) produce the e-mails referenced in "Addendum A" in native format or another format agreed to by Frontier, (2) to produce any relevant text messages in native format or in another format agreed to by Frontier, and (3) to pay Frontier's reasonable attorney's fees and costs incurred in filing the instant Motion to Compel.

---

[1] Pursuant to this Chamber's rules, "[r]esponses to motions to compel and all other discovery disputes shall be filed within 7 days from the date of service of the motion." *See* Practices and Procedures of Judge Kim R. Gibson, § II.B.3, http://www.pawd.uscourts.gov/sites/pawd/files/JG-Practices-Procedures.pdf. Frontier's Motion to Compel was filed with this Court on March 13, 2018, and, thus, any response by Yoder was due by March 20, 2018. Yoder did not file any response until March 23, 2018 and did not request an extension of the seven-day deadline. Nevertheless, the Court reviewed and considered Yoder's untimely response in deciding Frontier's Motion to Compel.

## II. Background

This Court will not detail the extensive background of this case here.[2] For the purposes of the present Motion, the pertinent background is brief and undisputed. On February 7, 2018, Yoder e-mailed "Addendum A" to Frontier—an addendum that constituted a much-delayed response to Frontier's discovery requests of October 6, 2017. (ECF No. 37 ¶¶ 1, 8; ECF No. 39 ¶¶ 1, 8.) However, rather than containing completed printouts or screenshots of e-mails, "Addendum A" consisted of what appears to be the copied-and-pasted alleged content (i.e., the body) of emails with manually-typed dates and descriptions. (ECF No. 37 ¶ 9; ECF No. 39 ¶ 9.) These copied-and-pasted e-mail contents often lack the headers of each purported e-mail, therein lacking the sender, recipient, carbon copy recipient, subject, and other information. (ECF No. 37 ¶ 9; ECF No. 39 ¶ 9.) Some e-mails are also missing attachments referenced in the body of the copied-and-pasted text and are missing other e-mails in the relevant "e-mail chain." (ECF No. 37 ¶ 9; ECF No. 39 ¶ 9.) After multiple unsuccessful efforts to resolve this deficiency in "Addendum A" with Yoder, Frontier filed the present Motion to Compel. (ECF No. 37 ¶ 11; ECF No. 39 ¶ 11.)

## III. Analysis

### A. "Addendum A"

Federal Rule of Civil Procedure 37(a)(3)(B)(iv) provides that a party may move to compel disclosure and for appropriate sanctions from a party who fails to produce documents requested under Federal Rule of Civil Procedure 34. *See* Fed. R. Civ. P. 37(b)(3)(B)(iv). Pursuant to this Rule, Frontier asks this Court to order Yoder to produce complete copies of the e-mails

---

[2] This background can be found in this Court's two prior Memorandum Opinions in this case. (*See* ECF Nos. 26, 30.)

purportedly contained in "Addendum A" in native format or other acceptable format and to produce any relevant text messages. (*See* ECF Nos. 37, 38.)

In response, Yoder has not disputed that Frontier is entitled to the requested information, has not argued that any privilege applies to the requested documents, and has not suggested that the requested information is unavailable or unobtainable. (*See* ECF No. 39.) To the contrary, Yoder has largely agreed with Frontier's factual assertions. (*See id.*) In essence, unlike most discovery disputes, Yoder does not actually object to Frontier's requests on any ground. Rather, Yoder simply suggests that it would be "very difficult to go back and find these emails." (ECF No. 39 ¶ 11.)

While Yoder does not cite to Federal Rule of Civil Procedure 26(b)(1) or clearly articulate this argument, the Court will interpret Yoder's objection as an argument that the "burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). Yet, Yoder has failed to offer any explanation as to why it would be difficult for her to access these e-mails, despite the fact that she must have been able to access these e-mails when she copied-and-pasted the body of these e-mails into the documents that make up the current "Addendum A."

In their present form, the contents of "Addendum A" (1) cannot be verified by Frontier in any way, (2) lack significant pertinent information,[3] and (3) are directly relevant to Yoder's claim that Frontier continued to breach Yoder's education contract by communicating with Yoder after she was dismissed. (*See* ECF No. 20 ¶¶ 28-30.) Furthermore, given the potential defense based

---

[3] E.g., the copied-and-pasted e-mail contents of "Addendum A" often lack the headers of each purported email, therein excluding the sender, recipient, carbon copy recipient, subject, and other information. (ECF No. 37 ¶ 9; ECF No. 39 ¶ 9.) Some of the content of "Addendum A" is also missing attachments cited to in the body of the copied-and-pasted text, and portions of "e-mail chains" appear to be missing. (ECF No. 37 ¶ 9; ECF No. 39 ¶ 9.)

on the lapse of the statute of limitations, the date of the e-mails purportedly copied-and-pasted into "Addendum A" are of particular import. (*See* ECF No. 38 at 3.) Yoder has not suggested that the e-mails in question are deleted or that accessing these e-mails requires technical expertise or the expensive engagement of a computer specialist. Based on Yoder's own representations, it appears to the Court that Yoder must simply devote her own personal time to searching through her own e-mail account for the native format versions of the relevant e-mails purportedly copied-and-pasted into "Addendum A."

In essence, Yoder has failed to establish any basis for withholding the contents of "Addendum A," and, thus, the Court orders that the requested e-mails be provided to Frontier in native format or another format agreed to by Frontier.

### B.     Text Messages

Beyond the "Addendum A" e-mails, Frontier also requested relevant text messages from Yoder. Conversely, Yoder's Response states that "[t]here are no text messages." (ECF No. 39 ¶ 22.)

This assertion may very well be true. However, if Yoder's claim that she possesses no relevant text messages is accurate, Yoder must respond to Frontier's Request for Production No. 5 by stating that the requested discovery does not exist, i.e., she lacks relevant text messages. Yoder cannot simply remain silent and expect Frontier or this Court to assume that her failure to respond to the Request for Production No. 5 is an implicit declaration that no responsive text messages exist.

Therefore, for the same reasons stated *supra* Part III.A, this Court will order Yoder to either produce the requested relevant text messages or to respond to Frontier's request for these text

messages with an affirmative statement that Yoder does not possess any text messages that are responsive to Frontier's request.

## C. Sanctions

Lastly, the Court will order appropriate sanctions for Yoder. If a motion to compel the production of documents is granted, Federal Rule of Civil Procedure 37(a)(5) states, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5) (emphasis added). The Federal Rules of Civil Procedure further provide that the court need not order this payment if the movant failed to attempt to obtain the disclosure in good faith without court action, the nondisclosure was "substantially justified," or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Here, Yoder has been given the opportunity to be heard (*see* ECF No. 39),[4] and the Court *must* sanction Yoder under Federal Rule of Civil Procedure 37(a)(5). Yoder failed to engage in good faith efforts with Frontier to resolve this dispute and has repeatedly delayed in her participation in discovery in this case. (*See* ECF No. 30.) Moreover, none of the three exceptions to the mandatory sanctions of Rule 37(a)(5) apply: (1) Frontier attempted to resolve this issue without court involvement, (2) nothing before this Court suggests that Yoder's failure to produce the e-mails and text messages was "substantially justified," and (3) no other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

---

[4] Again, the Court has reviewed and considered Yoder's Response despite its late filing. *See supra* note 1.

To the contrary, based on the information presented by the parties to this Court, Yoder is forcing Frontier and this Court to spend their respective time and resources to compel Yoder to produce documents that she does not deny that she is required to produce simply because she believes it would take "too much time." (*See* ECF No. 39.)

Such a brief, and otherwise unexplained excuse for non-production is insufficient, and, under the mandatory language of Rule 37(a)(5), this Court *must* "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Therefore, this Court *must* require Yoder and her counsel to pay Frontier's reasonable expenses incurred in making the motion, including attorney's fees. *See id.*

## IV. Conclusion

In sum, the requested e-mails and potential text messages are relevant and within the scope of discovery, and Yoder has not satisfactorily shown any other basis for refusing to turn over the requested e-mails and potential text messages to Frontier.

Consequently, for the foregoing reasons, the Court will **GRANT** Frontier's Motion to Compel Production of Documents and for Sanctions Pursuant to F.R.C.P. 37. (ECF No. 37.)

A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| AMY YODER, | ) | Case No. 3:17-cv-18 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| FRONTIER NURSING UNIVERSITY, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

NOW, this 28th day of March 2018, upon consideration of Defendant's Motion to Compel Production of Documents and for Sanctions Pursuant to F.R.C.P. 37 (ECF No. 37) and all briefs filed by the parties, and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that Defendant's Motion to Compel Production of Documents and for Sanctions Pursuant to F.R.C.P. 37 (ECF No. 37) is **GRANTED**.

Accordingly, the Court **ORDERS** Plaintiff to:

(1) Produce the e-mails referenced in "Addendum A" in native format or another format agreed to by Defendant;

(2) Produce any relevant text messages in native format or in another format agreed to by Defendant or state that these messages to do not exist; and

(3) Pay Defendant's reasonable attorney's fees and costs incurred in filing the instant Motion to Compel.

The Court **FURTHER ORDERS** Defendant to file via CM/ECF a document setting forth its itemized attorney's fees and costs, if any, related to the instant Motion to Compel **on or before April 4, 2018**. Plaintiffs may file any objections to this itemization **on or before April 11, 2018.**

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE