IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| AMY YODER, | ) | Case No. 3:17-cv-18 |
| --- | --- | --- |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| FRONTIER NURSING UNIVERSITY, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

I.  Introduction

Pending before the Court are Defendant Frontier Nursing University's ("Defendant" or "FNU") Motion for Summary Judgment (ECF No. 43) and Plaintiff Amy Yoder's ("Plaintiff") Motion for Summary Judgment (ECF No. 47). This matter has been fully brief (ECF Nos. 43, 44, 45, 46, 47, 48, 51, 53, 54) and is ripe for disposition.

This litigation arises from Defendant's dismissal of Plaintiff, a student at FNU, for violating its honor code. Plaintiff sued Defendant for breach of contract, alleging that "[a] contract for education existed between Defendant and Plaintiff" that Defendant breached by dismissing Plaintiff. (ECF No. 20 ¶¶ 32-33.) Plaintiff moves for summary judgment on her breach of contract claim, arguing that there is no genuine issue of material fact as to any of the elements of her claim. (ECF No. 47 at 2.) Defendant also moves for summary judgment, contending that Plaintiff's lawsuit is barred by the applicable statute of limitations and that Plaintiff failed to adequately plead or prove breach of contract. (ECF No. 43 at 1.) Because this Court agrees that Plaintiff's claim is unmistakably barred by Pennsylvania's four-year statute of limitations for breach of

contract claims, the Court **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 43) and **DENIES** Plaintiff's Motion for Summary Judgment (ECF No. 47).

## II. Jurisdiction & Venue

This Court has subject matter jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). Furthermore, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial portion of the events giving rise to Plaintiff's claim occurred in the Western District of Pennsylvania.

## III. Procedural History[1]

Plaintiff initiated this action by filing a Complaint on February 27, 2017. (ECF No. 1.) Defendant filed a Motion to Dismiss Pursuant to 12(B)(6) (ECF No. 9) and Memorandum in Support thereof (ECF No. 10) on June 5, 2017. Plaintiff responded on July 24, 2017 (ECF No. 12) and filed a Memorandum of Law in Support of Her Response (ECF No. 19) on August 25, 2017. Also on August 25, 2017, Plaintiff moved to amend the Complaint (ECF No. 21). On January 4, 2018, this Court denied Defendant's Motion to Dismiss as moot and granted Plaintiff's Motion to Amend (ECF No. 26). Plaintiff's First Amended Complaint (ECF No. 20) thus became the operative complaint.

Following Plaintiff's Motion to Extend Discovery Deadlines (ECF No. 27), which this Court denied as lacking good cause on January 16, 2018 (ECF No. 30), Defendant filed its Answer and Affirmative Defense to Plaintiff's Amended Complaint (ECF No. 32). On March 13, 2018, Defendant filed a Motion to Compel Production of Documents and for Sanctions Pursuant to

---

[1] Because the parties are familiar with this case's relatively drawn-out procedural history, the Court will highlight only the most significant events in the litigation.

F.R.C.P. 37 and a corresponding Brief in Support (ECF Nos. 35, 36, 37, 38), which this Court granted (ECF No. 40) after considering Plaintiff's Response (ECF No. 39). This Court later ordered Plaintiff to pay Defendant's reasonable attorney's fees and costs for legal work performed on Defendant's Motion to Compel (ECF No. 42).

On August 21, 2018, Defendant filed its Motion for Summary Judgment (ECF No. 43) and Memorandum in Support thereof (ECF No. 44), along with a Concise Statement of Material Facts (ECF No. 45). Plaintiff filed her Response on September 11, 2018 (ECF No. 48), which was not accompanied by responsive concise statements of material facts.[2] Defendant did not file a discretionary reply.

On September 11, 2018, Plaintiff also filed her own Motion for Summary Judgment (ECF No. 47), Memorandum in Support (ECF No. 48), and Concise Statement of Material Facts (ECF No. 46). Defendant responded on October 5, 2018 (ECF No. 53) and included a Response to Plaintiff's Concise Statement of Material Facts (ECF No. 54). Plaintiff did not file a discretionary reply.

## IV. Factual History

The following facts are undisputed unless otherwise noted.[3]

---

[2] This Court requests that Plaintiff's counsel review the Local Rules for the U.S. District Court for the Western District of Pennsylvania, particularly those dealing with summary judgment. *See* LCvR 56.C.

[3] The Court derives these facts from a combination of Defendant's Concise Statement of Material Facts (ECF No. 45), Defendant's exhibits thereto (ECF Nos. 45-1, 45-2, 45-3, 45-4, 45-5, 45-6, 45-8, 45-9, 45-10, 45-11), Plaintiff's Concise Statement of Material Facts (ECF No. 46), Plaintiff's exhibits thereto (ECF Nos. 46-1, 46-2, 46-3), and Defendant's Response to Plaintiff's Concise Statement of Material Facts (ECF No. 54) and attached exhibit (ECF No. 54-1). The Court notes that because Plaintiff failed to file a responsive concise statement of material facts, as required by Federal Rule of Civil Procedure 56 and Local Civil Rule of Court 56.C.1, the facts contained in Defendant's Concise Statements of Material Facts are admitted unless the Court notes that the fact is controverted by Plaintiff's own Concise Statements. *See* Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion

Plaintiff, a Pennsylvania resident and citizen of Pennsylvania, attended FNU, a private university, via online instruction. (ECF No. 1 ¶¶ 1-3; ECF No. 45 ¶¶ 1-2; ECF No. 46 ¶¶ 1-2; ECF No. 54 ¶¶1-2.) In February 2012, Plaintiff emailed another student a copy of her notes for a class entitled "NM617." (ECF No. 45 ¶ 3; ECF No. 45-4 at 1; ECF No. 46 ¶ 5; ECF No. 54 ¶ 5.) Those notes included the questions and answers to quizzes that the other student had yet to take. (ECF No. 45 ¶ 3; ECF No. 45-4 at 2; ECF No. 46 ¶ 5; ECF No. 54 ¶ 5.) Plaintiff also provided assistance to that student by giving her answers to complete a research assignment. (ECF No. 45 ¶ 4; ECF No. 45-4 at 1; ECF No. 45-5 at 2.) Once a staff member at FNU discovered that Plaintiff forwarded information to the other student, including quizzes and answers to those quizzes, Plaintiff was referred to FNU's Honor Code Council for an alleged Honor Code violation. (ECF No. 45 ¶ 5; ECF No. 45-4 at 2; ECF No. 46-3 at 2.)

FNU's Honor Code Policy, in relevant part, states:

Students may be dismissed for violation of FNU standards of conduct.

Violations of the expected standards of conduct, include, but are not limited to, the following:

- **Cheating:** Cheating is the attempt to gain improper advantage in an academic evaluation. Among the forms that this kind of dishonesty can take are: obtaining a copy of an examination before it is officially available, learning an examination question from another student before taking the examination, or consulting an

---

of fact as required by Rule 56(c), the court may: . . . (2) consider the fact undisputed for purposes of the motion."); LCvR56.E ("Alleged material facts set forth in the moving party's Concise Statement of Material Facts or in the opposing party's Responsive Concise Statement, which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party."); *see also First Guard Ins. Co. v. Bloom Servs., Inc.*, CIVIL ACTION NO. 3:17-59, 2018 WL 949224, at *2-3 (W.D. Pa. Feb. 16, 2018) (Gibson, J.) (deeming facts in the plaintiff's concise statement of material fact admitted because the defendants never filed responsive concise statements of material fact). The Court also notes that in Plaintiff's Concise Statement of Material Facts (ECF No. 46), Plaintiff generally failed to cite to the record, in violation of Federal Rule of Civil Procedure 56(c) and Local Civil Rule of Court 56.B.1. The Court will not include a factual assertion in this Factual History unless it is supported by the record.

> unauthorized source during an examination. These sources could include electronic sources, paper sources, or human sources. Submitting part or all of work done by another student as one's own work is also cheating. This also includes sharing your own work with other students in any form (via email, posting on the internet, etc.).

(ECF No. 45 ¶¶ 6, 8; ECF No. 45-6 at 1-2.) The Honor Code Council determined that Plaintiff committed an Honor Code violation. (ECF No. 45 ¶ 7; ECF No. 45-5 at 2.) As a result, FNU's Administrative Team dismissed Plaintiff from FNU on March 13, 2012. (ECF No. 45 ¶ 9; ECF No. 45-7; ECF No. 45-8 at 1; ECF No. 45-9; ECF No. 46 ¶ 9.) Plaintiff's appeal of her dismissal was denied on April 24, 2012. (ECF No. 45 ¶ 10; ECF No. 45-10.) Plaintiff initiated this lawsuit on February 7, 2017. (ECF No. 1; ECF No. 45 ¶ 11; ECF No. 46 ¶ 11.)

## V.    Legal Standard

"Summary judgment is appropriate only where . . . there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those that will affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248. The Court's role is "not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009). "In making this determination, 'a court must view the facts in the light most favorable to the nonmoving party and draw all

inferences in that party's favor.'" *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000) (quoting *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994)).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials" of the pleading, but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 n.11 (1986)). "For an issue to be genuine, the nonmovant needs to supply more than a scintilla of evidence in support of its position—there must be sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant." *Coolspring Stone Supply v. Am. States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir. 1993); *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (noting that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted).

## VI. Discussion

In this case, Defendant argues that it is entitled to summary judgment on Plaintiff's breach of contract claim because Plaintiff's claim is barred by Pennsylvania's four-year statute of limitations. (ECF No. 44 at 4.) Plaintiff counters that Kentucky's fifteen-year statute of limitations governs (ECF No. 48 at 4), and that even if Pennsylvania's shorter statute of limitations applies, the statute of limitations did not start to run until December 17, 2014 (*id.* at 5). The Court agrees

with Defendant that Plaintiff's breach of contract claim is clearly barred by the applicable statute of limitations.

In order to determine which state's statute of limitations applies, the Court must perform a choice-of-law analysis. To determine which state's choice-of-law rules apply, the Court considers the *Erie* doctrine. "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). While "[c]lassification of a law as 'substantive' or 'procedural' for *Erie* purposes is sometimes a challenging endeavor," *Gasperini*, 518 U.S. at 427, the Supreme Court has concluded that choice-of-law rules are substantive, so federal courts must apply state choice-of-law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Specifically, "[a] federal court exercising diversity jurisdiction over a claim applies the choice-of-law rules of the state in which it sits." *Frankentek Residential Sys., LLC v. Buerger*, 15 F. Supp. 3d 574, 580 (E.D. Pa. 2014) (citing *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 108-09 (1945)). Here, this Court sits in Pennsylvania, and thus must apply Pennsylvania choice-of-law rules to determine which statute of limitations applies to this case.

"Pennsylvania courts ordinarily apply the Pennsylvania statute of limitations." *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985). Pennsylvania's "borrowing statute" provides one exception to this general rule. *Id.* at 826 n.3. Under this statute, "[t]he period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim." 42 Pa. Cons. Stat. § 5521(b). Therefore, if a claim accrues outside Pennsylvania, Pennsylvania courts apply either Pennsylvania's statute of

limitations or the statute of limitations of the place where the claim accrued, whichever bars the claim earlier in time. *Id.*

The first issue in this discussion is thus where Plaintiff's claim accrued. Two slightly different definitions of "accrue" have arisen under Pennsylvania law. According to one oft-cited Pennsylvania Superior Court case, "[u]nder Pennsylvania law, a claim *accrues* when and where the injury is sustained." *Gwaltney v. Stone*, 564 A.2d 498, 501 (Pa. Super. Ct. 1989). However, numerous federal courts applying Pennsylvania law have explained that a cause of action accrues under Pennsylvania law "where as well as when the final significant event that is essential to a suable claim occurs." *Mack Trucks, Inc. v. Bendix-Westinghouse Auto. Air Brake Co.*, 372 F.2d 18, 29 (3d Cir. 1966); *Jacobs v. Halper*, 116 F. Supp. 3d 469, 478 (E.D. Pa. 2015); *Stephens v. Clash*, Civil Action No. 1:13-CV-712, 2014 WL 2808599, at *4 (M.D. Pa. June 19, 2014); *Rostron v. Marriott Hotels*, 677 F. Supp. 801, 802 (E.D. Pa. 1987).

Here, it is undisputed that Plaintiff sustained her injury in Pennsylvania, where she resided when FNU dismissed her. (ECF No. 20 ¶¶ 1, 3; ECF No. 45 ¶ 1; ECF No. 46 ¶ 1.) Furthermore, the "final significant event" essential to Plaintiff's breach of contract claim was either Plaintiff's receipt of Defendant's letter regarding her dismissal (ECF No. 45-7) or Plaintiff's receipt of Defendant's letter regarding the denial of Plaintiff's appeal (ECF No. 45-10). *See Romero v. Allstate Ins. Co.*, 170 F. Supp. 3d 779, 799 (E.D. Pa. 2016) ("In this case, the final significant event arose when each Plaintiff received his or her notification of termination, not when the termination was mailed. Prior to that time, Plaintiffs would not have known about any alleged breach and would not have sustained any injury."). Both of these letters were sent to Pennsylvania, where Plaintiff resided. (*See* ECF Nos. 45-7, 45-10.) Thus, regardless of which definition of "accrue" this

Court applies, Pennsylvania's statute of limitations governs in this case, as the claim accrued in Pennsylvania.

However, even assuming that Plaintiff's claim accrued in Kentucky, the outcome is still the same. As explained *supra*, Pennsylvania's borrowing statute indicates that when a claim accrues outside Pennsylvania, Pennsylvania courts apply either Pennsylvania's statute of limitations or the statute of limitations of the state in which the claim accrued, whichever bars the claim earlier in time. 42 Pa. Cons. Stat. § 5521. Pennsylvania has a four-year statute of limitations for breach of contract claims. 42 Pa. Cons. State. § 5525(a). Kentucky has a fifteen-year statute of limitations for this breach of contract claim, as the purported contract was executed before July 15, 2014. Ky. Rev. Stat. § 413.090; (ECF No. 45 ¶ 3; ECF No. 46 ¶ 1) (indicating that Plaintiff attended FNU in 2012)). Pennsylvania's statute of limitations is thus shorter than Kentucky's statute of limitations, so under Pennsylvania's borrowing statute, Pennsylvania's statute of limitations governs in this case. Plaintiff's conclusory statement, which is not supported by citations, that "[t]he underlying contract paperwork, in Defendant's possession, establish[es]" that Kentucky's statute of limitations applies, does nothing to change the above analysis.

The second issue with regard to the statute of limitations is when it began to run. Defendant argues that Plaintiff's claim accrued on March 13, 2012, when Defendant dismissed Plaintiff (ECF No. 44 at 6; ECF No. 45 ¶ 9; ECF No. 45-7; ECF No. 45-8 at 1), such that Plaintiff's claim is barred because it was filed after March 13, 2016. Defendant also asserts that if Plaintiff's claim accrued later than March 13, 2012, the latest Plaintiff's claim could have accrued is April 24, 2012, which is when Plaintiff's appeal from her dismissal was denied. (ECF No. 44 at 6; ECF No. 45 ¶ 10; ECF No. 45-10.) Even if Plaintiff's claim accrued on April 24, 2012, Defendant argues,

Plaintiff did not file this lawsuit until February 7, 2017, which was months after the four-year statute of limitations expired. (ECF No. 44 at 7.)

Plaintiff counters that "Plaintiff's status as a student remained in dispute for several years as she exhausted her administrative remedies." (ECF No. 48 at 4.) Plaintiff thus claims that the statute of limitations did not begin to run until December 17, 2014, when Plaintiff received her final email communication from Defendant indicating that Defendant would not readmit Plaintiff. (*Id.* at 5.) If Plaintiff's cause of action did not accrue until December 17, 2014, then Plaintiff's filing of this lawsuit in February 2017 was timely.

In Pennsylvania, "a statute of limitations period begins to run when a cause of action accrues, *i.e.*, when an injury is inflicted and the corresponding right to institute a suit for damages arises." *Gleason v. Borough of Moosic*, 15 A.3d 479, 484 (Pa. 2011). In a breach of contract action, courts have found that the injury is inflicted at the time of the breach. *Yinzcam, Inc. v. Strategic Sports, Inc.*, No. 14cv1364, 2015 WL 2403530, at *5 (W.D. Pa. May 19, 2015); *S.T. Hudson Eng'rs, Inc. v. Camden Hotel Dev. Assocs.*, 747 A.2d 931, 934 (Pa. Super. Ct. 2000); *Sadtler v. Jackson-Cross Co.*, 587 A.2d 727, 731 (Pa. Super. Ct. 1991).

In this case, Plaintiff claims that Defendant breached its Honor Code Policy by dismissing Plaintiff in violation of the Honor Code Council and Dismissal from FNU provisions of the Policy. (ECF No. 47 at 5-7; ECF No. 48 at 6-7.) This breach occurred, according to Plaintiff, when the Administrative Team "disregarded the [Honor Code Council's] recommendation and notified Plaintiff of her dismissal." (ECF No. 47 at 7; ECF No. 48 at 7-9.) There is no dispute that Defendant "notified Plaintiff of her dismissal" via letter dated March 13, 2012. (ECF No. 44 at 6; ECF No. 44-1; ECF No. 44-3 at 3; ECF No. 44-5; ECF No. 45 ¶ 9; ECF No. 46 ¶ 9; 48 at 4; ECF No. 54 ¶ 9.)

-10-

Therefore, the statute of limitations began to run in March 2012, and Plaintiff's complaint, which was filed on February 27, 2017, is barred by Pennsylvania's four-year statute of limitations.[4]

Plaintiff attempts to create a genuine issue of material fact by reference to Pennsylvania's rules regarding continuing contracts. (ECF No. 48 at 4.) In a breach of contract action in Pennsylvania, "the statute of limitations does not run against a cause of action that is based on a contract that is continuing, and it begins to run only from the time when the breach occurs or the *contract is in some way terminated*." *Yinzcam, Inc.*, 2015 WL 2403530, at *5. However, the record contains no evidence that Plaintiff's contract with Defendant continued after Defendant's alleged breach. Assuming that Plaintiff and Defendant had a contract that was breached by Plaintiff's dismissal, that alleged breach occurred in 2012, after which there was no longer any contract between Plaintiff and Defendant because Plaintiff was not a student at FNU.

Furthermore, Plaintiff's references to "administrative remedies" similarly do not affect the above analysis. Plaintiff repeatedly claims that "Plaintiff's status as a student remained in dispute for several years as she exhausted her administrative remedies." (ECF No. 48 at 4.) Plaintiff does not cite to any sources to support her claims that (1) she had "administrative remedies" or (2) the statute of limitations was tolled while she exhausted those remedies. *See Brawner v. Educ. Mgmt. Corp.*, 513 F. App'x 148, 151 (3d Cir. 2013) ("[The plaintiff] does not present any other reasons why the limitations period should have been tolled during the intervening years. While he invokes his pursuit of 'administrative remedies,' he does not explain how an administrative process would have tolled the limitations period on the state common-law claims that remain.").

---

[4] Even if the breach occurred on April 24, 2012, when Defendant notified Plaintiff that her appeal of dismissal was denied, the four-year statute of limitations would still bar Plaintiff's claim.

-11-

Finally, for the sake of thoroughness, the Court will address one other argument potentially raised by Plaintiff's briefing. In Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 48), Plaintiff argues that the statute of limitations did not begin to run until December 17, 2014, when Plaintiff received notice that Defendant would not consider her plea for readmission to FNU. (ECF No. 48 at 5.) Plaintiff continues:

> It is clear that until that email communication, Plaintiff was lead [sic] to believe that there was a pathway to complete her education. Plaintiff was lead [sic] to believe that she was still exhausting her remedies into December of 2014 when she received that final email. Therefore, even if Pennsylvania's statute of limitations applies, Plaintiff's complaint date of February 2, 2017 would still be appropriate as that Statute of Limitations begins running only after the date of the breach, which is the date Defendant informed Plaintiff she would not be readmitted.
> [ . . .] Plaintiff could not have known before receipt of the email in December, 2014 whether she had a valid claim against Defendant as she was lead [sic] to believe she may be able to be readmitted.

(*Id.*)

While it is less than clear, by referring to her lack of knowledge, Plaintiff may be attempting to raise a discovery rule issue. In Pennsylvania, the discovery rule "provides that where the complaining party is reasonably unaware that his or her injury has been caused by another party's conduct, the discovery rule suspends, or tolls, the running of the statute of limitations." *Gleason*, 15 A.3d at 484. However, the discovery rule is inapplicable in this case. Plaintiff knew that she had been injured by Defendant's conduct when she was dismissed from FNU, as she knew she had been dismissed (ECF No. 44-1; ECF No. 44-2; ECF No. 46 ¶ 9) and she attempted to fix the problem by appealing her punishment and seeking readmission to FNU (ECF No. 44-2; ECF No. 44-3 at 3; ECF No. 44-6; ECF No. 44-7; ECF No. 46 ¶ 10). Because Plaintiff had

knowledge of her injury at the hands of Defendant when she was dismissed in March 2012, the discovery rule will not operate to toll the running of the statute of limitations until 2014.

Furthermore, aside from Plaintiff's bare assertion that she was led to believe she could be readmitted to FNU, no evidence in the record supports this claim.[5] At most, the record indicates that Defendant's attorney told an attorney named Mark Chumley, who seems to have been helping Plaintiff, that "he could not guarantee that [Plaintiff] would be re-admitted but there are some things that [Plaintiff] could do that would certainly help in his opinion." (ECF No. 45-9.) This statement hardly indicates any kind of concealment on the part of Defendant that would toll the running of the statute of limitations, *Sadtler*, 587 A.2d at 371 (indicating that concealment that makes knowledge impossible triggers the discovery rule), and "mere mistake, misunderstanding or lack of knowledge do not toll the statute of limitations." *Id.* at 371 (quoting *Garcia v. Cmty. Legal Servs. Corp.*, 524 A.2d 980, 985 (Pa. Super. Ct. 1987)). While Plaintiff may have sincerely believed that she would be readmitted to FNU and thus did not contemplate litigation until she realized that readmission would not occur, she knew or should have known in 2012 that she had been injured by Defendant. *See Brawner*, 513 F. App'x at 150 ("Where . . . reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the court determines that the discovery rule does not apply as a matter of law."). Therefore, because "the facts are so clear that reasonable minds cannot differ" regarding "the commencement of the limitations period," the four-year statute of

---

[5] In her briefing, Plaintiff explains that "Plaintiff was still in negotiations with Defendant, including the University President, until December 2014, when Plaintiff, at FNU administration's urging, asked to be readmitted to the University and was denied." (ECF No. 48 at 4-5.) Plaintiff cites to nothing in the record that supports her claim that she reapplied to FNU "at FNU administration's urging."

limitations began to run in 2012. *Sadtler*, 587 A.2d at 371. The discovery rule does not affect this outcome.

Because there is no genuine dispute of material fact that Plaintiff's claim accrued in March 2012 or, at the latest, April 2012, and Plaintiff did not file this lawsuit until February 2017, Plaintiff's claim is barred by Pennsylvania's four-year breach of contract statute of limitations.[6] Defendant is thus entitled to judgment as a matter of law on Plaintiff's breach of contract claim. Defendant's Motion for Summary Judgment (ECF No. 43) will therefore be granted, and Plaintiff's Motion for Summary Judgment (ECF No. 47) will be denied.

## VII. Conclusion

For the foregoing reasons, the Court will **GRANT** Defendant's Motion for Summary Judgment (ECF No. 43) and **DENY** Plaintiff's Motion for Summary Judgment (ECF No. 47).

A corresponding order follows.

---

[6] Because Plaintiff's claim is barred by the statute of limitations, the Court will not discuss the merits of Plaintiff's breach of contract claim.

-14-

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| AMY YODER, | ) | Case No. 3:17-cv-18 |
| --- | --- | --- |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| FRONTIER NURSING UNIVERSITY, INC., | ) | |
| Defendant. | ) | |

## ORDER

NOW, this 29th day of October, 2018, upon consideration of Defendant's Motion for Summary Judgment (ECF No. 43) and Plaintiff's Motion for Summary Judgment (ECF No. 47), and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 43) is **GRANTED** and Plaintiff's Motion for Summary Judgment (ECF Nos. 47) is **DENIED.**

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE